## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re:<br><br>CAFE HOLDINGS CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-05837 (hb)<br><br>(Jointly Administered) |

## GLOBAL NOTES, METHODOLOGY AND SPECIFIC
## DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF
## ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS

## Introduction

Cafe Holdings Corp., Cafe Enterprises, Inc., CE Sportz LLC, and CES Gastonia LLC (collectively, the "**Debtors**") with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**Statements**," and together with the Schedules, the "**Schedules and Statements**") with the United States Bankruptcy Court for the District of South Carolina (the "**Bankruptcy Court**"), pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statement of Financial Affairs (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of each Debtor's Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of each Debtor (whether publically filed or otherwise). Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

In preparing the Schedules and Statements, the Debtors relied upon information derived from their books and records that was available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:  Cafe Holdings Corp. (7910); Cafe Enterprises, Inc. (4946); CE Sportz LLC (2009); and CES Gastonia LLC (0863). The location of the Debtors' corporate headquarters is 4324 Wade Hampton Blvd., Suite B, Taylors, South Carolina  29687.

conflicting, revised, or subsequent information, may cause a material change to the Schedules and Statements.

The Schedules and Statements have been signed by an authorized representative of each of the Debtors. In reviewing and signing the Schedules and Statements, this representative relied upon the efforts, statements and representations of the Debtors' other personnel and professionals. Both the Schedules and the Statements contain the declaration of Eric Easton (in his capacity as CFO of each of the Debtors) that the information found therein is true and correct to the best of his knowledge, information and belief.

### Global Notes and Overview of Methodology

1. **Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to any claim ("**Claim**") description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, recharacterization, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code, and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

   The listing in the Schedules or Statements (including, without limitation, Schedule A/B, Schedule E/F or Statement 4) by the Debtors of any obligation between a Debtor and another Debtor is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court.

2. **Description of Cases and "as of" Information Date**. On November 15, 2018 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 20, 2018, the Bankruptcy Court entered an order directing procedural consolidation and joint administration of the Debtors' chapter 11 cases [Docket No. 59].

**Except for cash values held in financial accounts listed on Schedule A/B 3, which are reported as of November 15, 2018, the asset information provided in the Schedules and Statements represents the asset data of the Debtors as of November 4, 2018, and the liability information provided herein represents the liability data of the Debtors as of November 15, 2018.**

3. <u>**Net Book Value of Assets**</u>. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of the close of business on November 4, 2018, in the Debtors' books and records. Additionally, because the book values of certain assets, may materially differ from their fair market values, they may be listed as undetermined amounts as of the Petition Date. Furthermore, as applicable, assets that have fully depreciated or were expensed for accounting purposes may not appear in the Schedules and Statements if they have no net book value.

4. <u>**Recharacterization**</u>.    Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may, nevertheless, have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

5. <u>**Real Property and Personal Property–Leased**</u>. In the ordinary course of their businesses, the Debtors leased real property and various articles of personal property, including, fixtures, and equipment, from certain third-party lessors. The Debtors have made reasonable efforts to list all such leases in the Schedules and Statements.  The Debtors have made reasonable efforts to include lease obligations on Schedule D (secured debt) to the extent applicable and to the extent the lessor filed a UCC-1. However, nothing in the Schedules or Statements is or shall be construed as an admission or determination as to the legal status of any lease (including whether to assume and assign or reject such lease or whether it is a true lease or a financing arrangement).

6. <u>**Excluded Assets and Liabilities**</u>. The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and post-petition periods may change.

The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, goodwill, accrued salaries, employee benefit accruals, and deferred gains. In addition, certain immaterial assets and liabilities may have been excluded.

Under the *Final Order (I) Authorizing the Debtors to Pay Certain Prepetition Claims (A) Arising Under the Perishable Agricultural Commodities Act and Similar Trust Fund Statutes, (B) Of Other Lien Claimants, and (C) Certain Critical Vendors and (II) Granting Certain Related Relief* [Docket No. 170] (the "PACA Order"), the Bankruptcy Court granted the Debtors authority to satisfy valid prepetition PACA claims. The Debtors have not listed on Schedule E/F any PACA obligations for which the Debtors have been granted authority to pay pursuant to the PACA Order.

The Bankruptcy Court has authorized the Debtors to pay, in their discretion, certain other outstanding Claims on a post-petition basis, including but not limited to, insurance claims, employee wages, gift cards etc. Prepetition liabilities which have been paid post-petition have been excluded from the Schedules and Statements. To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

7. **Insiders**. Solely, for purposes of the Schedules and Statements, the Debtors define "insiders" to include the following: (a) directors; (b) board appointed officers; (c) equity holders holding in excess of 5% of the voting securities of the Debtor entities; (d) Debtor affiliates; and (e) relatives of any of the foregoing (to the extent known by the Debtors). Entities listed as "insiders" have been included for informational purposes and their inclusion shall not constitute an admission that those entities are insiders for purposes of section 101(31) of the Bankruptcy Code.

8. **Intellectual Property Rights**. The exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

In addition, although the Debtors have made diligent efforts to attribute intellectual property to the rightful Debtor entity, in certain instances, intellectual property owned by one Debtor may, in fact, be owned by another Debtor. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

9. **Executory Contracts and Unexpired Leases**. The Debtors' executory contracts and unexpired leases have been set forth in Schedule G. Although the Debtors made diligent attempts to attribute executory contracts and unexpired leases to their rightful Debtors, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses.

4

Moreover, other than real property leases reported in Schedule A/B 55, the Debtors have not necessarily set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates.

10. **Materialman's/Mechanic's Liens**. The assets listed in the Schedules and Statements are presented without consideration of any materialman's or mechanic's liens.

11. **Classifications**. Listing a Claim or contract on (a) Schedule D as "secured," (b) Schedule E/F part 1 as "priority," (c) Schedule E/F part 2 as "unsecured," or (d) Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the Claimant, or a waiver of the Debtors' rights to recharacterize or reclassify such Claims or contracts or leases or to exercise their rights to setoff against such Claims.

12. **Claims Description**.  Schedules D and E/F permit each Debtor to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. Moreover, listing a Claim does not constitute an admission of liability by the Debtors.

13. **Causes of Action**.  Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-Claim, counter-Claim, or recoupment and any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "**Causes of Action**") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

14. **Summary of Significant Reporting Policies**. The following is a summary of significant reporting policies:

    a.    Undetermined Amounts. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

    b.    Totals. All totals that are included in the Schedules and Statements represent totals of all known amounts.

> To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.
>
> c.    Liens. Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

15. **Estimates and Assumptions**.   Because of the timing of the filings, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities. Actual amounts could differ from those estimates, perhaps materially.

16. **Currency**.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

17. **Setoffs**. The Debtors incur certain offsets and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, pricing discrepancies, returns, refunds, warranties, debit memos, credits, and other disputes between the Debtors and their suppliers and/or customers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements.

## Specific Disclosures with Respect to the Debtors' Schedules

**Schedule A/B**. All values set forth in Schedule A/B reflect the book value of the Debtors' assets as of November 4, 2018, unless otherwise noted below. Other than real property leases reported on Schedule A/B 55, the Debtors have not included leases and contracts on Schedule A/B. Leases and contracts are listed on Schedule G.

> **Schedule A/B 3**. Cash values held in financial accounts are listed on Schedule A/B 3 as of November 15, 2018. Details with respect to the Debtors' cash management system and bank accounts are provided in the *Debtors' Motion for Entry of Order (I) Authorizing the (A) Continued Use of Their Existing Cash Management System and (B) Use of Existing Bank Accounts and Business Forms; (II) Authorizing Payments of Prepetition Costs and Fees Associated with Customer Credit and Debit Card Transactions; (III) Waiving the Requirements of Section 345(B) of the Bankruptcy Code; and (IV) Granting Certain Related Relief* [Docket No. 9] (the "**Cash Management Motion**").
>
> **Schedule A/B 7**. The Bankruptcy Court, pursuant to the *Final Order (I) Prohibiting Utility Providers from Altering, Refusing or Discontinuing Services, (II) Deeming Utility Providers Adequately Assured of Payment, (III) Establishing Procedures for Determining Additional Adequate Assurance of Payment, and (IV) Granting Related Relief* [Docket No. 165], has authorized the Debtors to provide adequate assurance of payment for postpetition utility services, including a deposit in the amount of

$150,000.00. Such deposit is not listed on Schedule A/B 7, which was prepared as of the Petition Date.

**Schedule A/B 15**. Ownership interests in subsidiaries have been listed in Schedules A/B 15 as an undetermined amount because the fair market value of such ownership is dependent on numerous variables and factors and likely differs significantly from their net book value.

**Schedule A/B 55**. The Debtors do not own any real property. The Debtors have listed their real property leases on Schedule A/B 55, including the value of any leasehold improvements.

**Schedule A/B 63**. The Debtors maintain a customer database. The amount is listed as undetermined because the fair market value of such ownership cannot be determined.

**Schedule A/B 74 & 75**. In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-Claims, setoffs, refunds, or warranty Claims. Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, Claims as a plaintiff or counter-Claims as a defendant. Because such Claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule A/B 74 or 75. The Debtors' failure to list any contingent and/or unliquidated claim held by the Debtors in response to these questions shall not constitute a waiver, release, relinquishment, or forfeiture of such claim.

**Schedule D**. The Claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each Claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included. All Claims listed on Schedule D, however, appear to have been incurred before the Petition Date.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Except as specifically stated on Schedule D, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the Claimant or a waiver of the Debtors' rights to recharacterize or reclassify such Claim or contract.

Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights, letters of credit, surety bonds, or inchoate statutory lien rights.

**Schedule E/F part 2**. The Debtors have used reasonable efforts to report all general unsecured Claims against the Debtors on Schedule E/F part 2, based upon the Debtors' books and records as of the Petition Date.

Determining the date upon which each Claim on Schedule E/F part 2 was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each Claim listed on Schedule E/F part 2. Furthermore, claims listed on

Schedule E/F part 2 may have been aggregated by unique creditor name and remit to address and may include several dates of incurrence for the aggregate balance listed.

Schedule E/F part 2 contains information regarding pending litigation involving the Debtors. The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements. Some of the litigation Claims listed on Schedule E/F may be subject to subordination pursuant to section 510 of the Bankruptcy Code. Schedule E/F part 2 also includes potential or threatened litigation claims. Any information contained in Schedule E/F part 2 with respect to such potential litigation shall not be a binding representation of the Debtors' liabilities with respect to any of the potential suits and proceedings included therein. The Debtors expressly incorporate by reference into Schedule E/F part 2 all parties to pending litigation listed in the Debtors' Statements 7, as contingent, unliquidated, and disputed claims, to the extent not already listed on Schedule E/F part 2.

Schedule E/F part 2 reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of executory contracts or unexpired leases. Additionally, Schedule E/F part 2 does not include potential rejection damage Claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

**Schedule G**. Certain information, such as the contact information of the counter-party, may not be included where such information could not be obtained using the Debtors' reasonable efforts. Listing or omitting a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is or is not an executory contract or unexpired lease, was in effect on the Petition Date, or is valid or enforceable. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G.

Certain confidentiality and non-disclosure agreements may not be listed on Schedule G.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters, and other documents that may not be listed on Schedule G or that may be listed as a single entry. In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement, or multiple, severable or separate contracts.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all

exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as subordination, nondisturbance, and attornment agreements, supplemental agreements, settlement agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have not been included on the Schedule G.

**Schedule H**. For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the prepetition debt facilities are listed as Co-Debtors on Schedule H. The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-Claims and counter-Claims against other parties. Because the Debtors have treated all such Claims as contingent, disputed, or unliquidated, such Claims have not been set forth individually on Schedule H. Litigation matters can be found on each Debtor's Schedule E/F part 2 and Statement 7, as applicable.

### Specific Disclosures with Respect to the Debtors' Statements

**Statement 3**. Statement 3 includes any disbursement or other transfer made by the Debtors within 90 days before the Petition Date except for those made to insiders (which payments appear in response to Statement question 4), employees, and bankruptcy professionals (which payments appear in Statement 11 and include any retainers paid to bankruptcy professionals). The amounts listed in Statement 3 reflect the Debtors' disbursements netted against any check level detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement 3. All disbursements listed on Statement 3 were made through the Debtors' consolidated cash management system maintained by Cafe Enterprises, Inc. and listed for that Debtor.

**Statement 4**. With respect to individuals, the amounts listed reflect the universe of payments and transfers to such individuals including compensation, bonus (if any), expense reimbursement, relocation reimbursement, and/or severance. Amounts paid on behalf of such employee for certain life and disability coverage, which coverage is provided to all of the Debtors' employees, has not been included.

The Debtors have included all consulting and payroll distributions and aggregate travel, entertainment, and other expense reimbursements, aggregated by date, made over the twelve months preceding the Petition Date to any individual that may be deemed an "Insider."

**Statement 5**. Statement 5 excludes goods returned in the ordinary course of business.

**Statement 7**. Any information contained in Statement 7 shall not be a binding representation of the Debtors' liabilities with respect to any of the suits and proceedings identified therein.

**Statement 10**. The Debtors occasionally incur losses for a variety of reasons, including theft and property damage. The Debtors, however, may not have records of all such losses if such losses do not have a material impact on the Debtors' businesses or are not reported for insurance purposes. The losses listed on Statement 10 are based on the estimated amounts currently owed and are not intended to be an admission of the amounts owed.

**Statement 11**. The Debtors have included payments to all professionals who have rendered any advice related the Debtors' bankruptcy proceedings in Statement 11. However, it is possible that the disclosed fees also relate to other, non-bankruptcy related services, and may include services rendered to other parties.

**Statement 13**. In the ordinary course of business, the Debtors have entered into and made settlement payments to vendors and landlords. The Debtors have excluded such settlement payments from Statement 13.

**Statement 26d**. In addition to the parties listed on Statement 26d, the Debtors have provided financial statements in the ordinary course of their businesses to numerous financial institutions, creditors, and other parties within two years immediately before the Petition Date. Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent or subject to confidentiality agreements, the Debtors have not listed all parties that may have received such financial statements for the purposes of Statement 26d.

**Statement 27**. The Debtors do not record inventory on a restaurant by restaurant basis. Accordingly, all inventory is reported on a corporate level basis.

**Statement 30**. Unless otherwise indicated in a Debtor's specific response to Statement 30, the Debtors have included a comprehensive response to Statement 30 in Statement 4.

**Fill in this information to identify the case:**

**Debtor name:** CES GASTONIA LLC

**United States Bankruptcy Court for the:** District of South Carolina

**Case number (if known):** 18-05840

☐ Check if this is an
amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals          12/15

## Part 1:  Summary of Assets

1. ***Schedule A/B: Assets–Real and Personal Property*** (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from Schedule A/B ................................................. | UNDETERMINED |

   1b. **Total personal property:**
   Copy line 91A from Schedule A/B ............................................. | $3,476.04 |

   1c. **Total of all property:**
   Copy line 92 from Schedule A/B ............................................... | $3,476.04 |

## Part 2:  Summary of Liabilities

2. ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
   Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D ................. | $11,698,584.13 |

3. ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of Schedule E/F ........................................................ | $0.00 |

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F ........................... | + $17,610,917.28 |

4. ***Total liabilities***
   Lines 2 + 3a + 3b .......................................................................................................... | $29,309,501.41 |

**Fill in this information to identify the case:**

**Debtor name:** CES GASTONIA LLC

**United States Bankruptcy Court for the:** District of South Carolina

**Case number (if known):** 18-05840

☐ Check if this is an
amended filing

Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property

12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

## Part 1:  Cash and cash equivalents

**1.** **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
☑ Yes. Fill in the information below

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

**2.** **Cash on hand**

2.1. _____  $_____

**3.** **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | Current value of debtor's interest |
|---|---|---|---|
| 3.1. FIDELITY BANK | Depository Account | 5143 | $3,476.04 |

**4.** **Other cash equivalents** *(Identify all)*

| Description | Name of institution | Type of account | Last 4 digits of account number | Current value of debtor's interest |
|---|---|---|---|---|
| 4.1. | | | | $_____ |

**5.** **Total of part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| $3,476.04 |
|---|

## Part 2:  Deposits and prepayments

**6.** **Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.
☐ Yes. Fill in the information below

Debtor     **CES GASTONIA LLC**                                        Case number *(if known)* **18-05840**

**7.    Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit                            Current value of
                                                                           debtor's interest

7.1. _____     $_____

**8.    Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment                        Current value of
                                                                           debtor's interest

8.1. _____     $_____

_____

**9.    Total of part 2**

Add lines 7 through 8. Copy the total to line 81.                          | $0.00 |

---

**Part 3:**  **Accounts receivable**

**10.   Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.
☐ Yes. Fill in the information below.

                                                                           Current value of
                                                                           debtor's interest

**11.      Accounts receivable**

|        | Face amount | Doubtful or uncollectible accounts |        |        |
|--------|-------------|-----------------------------------|--------|--------|
| 11a. 90 days old or less: | $_____ | - $_____ | = ........ → | $_____ |
|        | Face amount | Doubtful or uncollectible accounts |        |        |
| 11b. Over 90 days old: | $_____ | - $_____ | = ........ → | $_____ |

**12.   Total of part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.       | $0.00 |

---

**Part 4:**  **Investments**

**13.   Does the debtor own any investments?**

☑ No. Go to Part 5.
☐ Yes. Fill in the information below.

                                                  Valuation method used          Current value of
                                                  for current value              debtor's interest

**14.   Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock

14.1. _____   _____   $_____

**15.   Non-publicly traded stock and interests in incorporated and unincorporated businesses,
        including any interest in an LLC, partnership, or joint venture**

Name of entity                                 % of ownership

15.1. _____   _____%   _____   $_____

Debtor    **CES GASTONIA LLC**                                                                    Case number *(if known)* **18-05840**

---

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

    Describe

16.1. _____        _____    $_____

17. **Total of part 4**

    Add lines 14 through 16. Copy the total to line 83.

    | |
    |---|
    | $0.00 |

---

| Part 5: | Inventory, excluding agriculture assets |
|---|---|

18. **Does the debtor own any inventory (excluding agriculture assets)?**

    ☑ No. Go to Part 6.

    ☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| 19.1. _____ | | $_____ | _____ | $_____ |
| **20. Work in progress** | | | | |
| 20.1. _____ | _____ | $_____ | _____ | $_____ |
| **21. Finished goods, including goods held for resale** | | | | |
| 21.1. _____ | _____ | $_____ | _____ | $_____ |
| **22. Other inventory or supplies** | | | | |
| 22.1. _____ | _____ | $_____ | _____ | $_____ |

23. **Total of part 5**

    Add lines 19 through 22. Copy the total to line 84.

    | |
    |---|
    | $0.00 |

24. **Is any of the property listed in Part 5 perishable?**

    ☐ No

    ☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

    ☐ No

    ☐ Yes Book value: $_____   Valuation method: _____   Current value: $_____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

    ☐ No

    ☐ Yes

---

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---|---|

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

    ☑ No. Go to Part 7.

    ☐ Yes. Fill in the information below.

---

Debtor    **CES GASTONIA LLC**                                                        Case number *(if known)* **18-05840**

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| 28.1. _____ | $_____ | _____ | $_____ |
| **29. Farm animals.** Examples: Livestock, poultry, farm-raised fish | | | |
| 29.1. _____ | $_____ | _____ | $_____ |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| 30.1. _____ | $_____ | _____ | $_____ |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| 31.1. _____ | $_____ | _____ | $_____ |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| 32.1. _____ | $_____ | _____ | $_____ |

**33. Total of part 6**

Add lines 28 through 32. Copy the total to line 85.

$0.00

**34. Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

    ☐ No

    ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes Book value: $_____    Valuation method: _____    Current value: $_____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. Office furniture** | | | |
| 39.1. _____ | $_____ | _____ | $_____ |
| **40. Office fixtures** | | | |
| 40.1. _____ | $_____ | _____ | $_____ |

Debtor    **CES GASTONIA LLC**                                      Case number *(if known)* **18-05840**

**41.** **Office equipment, including all computer equipment and communication systems equipment and software**

| | Net book value of debtor's interest | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 41.1. _____ | $_____ | _____ | $_____ |

**42.** **Collectibles.** Examples: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

| | | | |
|---|---|---|---|
| 42.1. _____ | $_____ | _____ | $_____ |

**43.** **Total of part 7**

Add lines 39 through 42. Copy the total to line 86.

| |
|---|
| $0.00 |

**44.** **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No
☐ Yes

**45.** **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No
☐ Yes

---

**Part 8:    Machinery, equipment, and vehicles**

**46.** **Does the debtor own or lease any machinery, equipment, or vehicles?**

☒ No. Go to Part 9.
☐ Yes. Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**47.** **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

| | | | |
|---|---|---|---|
| 47.1. _____ | $_____ | _____ | $_____ |

**48.** **Watercraft, trailers, motors, and related accessories.** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

| | | | |
|---|---|---|---|
| 48.1. _____ | $_____ | _____ | $_____ |

**49.** **Aircraft and accessories**

| | | | |
|---|---|---|---|
| 49.1. _____ | $_____ | _____ | $_____ |

**50.** **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

| | | | |
|---|---|---|---|
| 50.1. _____ | $_____ | _____ | $_____ |

**51.** **Total of part 8**

Add lines 47 through 50. Copy the total to line 87.

| |
|---|
| $0.00 |

**52.** **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No
☐ Yes

**53.** **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No
☐ Yes

Debtor    **CES GASTONIA LLC**                                                                           Case number *(if known)* **18-05840**

---

| Part 9: | Real property |
|---|---|

**54.    Does the debtor own or lease any real property?**

☐ No. Go to Part 10.

☑ Yes. Fill in the information below.

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

**55.    Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| | | | | |
|---|---|---|---|---|
| 55.1.    LOCATION # 3002 | LEASEHOLD | UNDETERMINED | Undetermined | UNDETERMINED |
| TAVERN 24 - LEASE | | | | |
| TAVERN 24 | | | | |
| 421 COX ROAD | | | | |
| GASTONIA NC 28054 | | | | |

**56.    Total of part 9**

Add the current value on lines 55. Copy the total to line 88.

| |
|---|
| UNDETERMINED |

**57.    Is a depreciation schedule available for any of the property listed in Part 9?**

☑ No

☐ Yes

**58.    Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No

☐ Yes

---

| Part 10: | Intangibles and intellectual property |
|---|---|

**59.    Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**60.    Patents, copyrights, trademarks, and trade secrets**

60.1.    _____    $_____    _____    $_____

**61.    Internet domain names and websites**

| | Net book value of debtor's interest | Valuation method | Current value of debtor's interest |
|---|---|---|---|

61.1.    _____    $_____    _____    $_____

**62.    Licenses, franchises, and royalties**

62.1.    _____    $_____    _____    $_____

**63.    Customer lists, mailing lists, or other compilations**

63.1.    _____    $_____    _____    $_____

**64.    Other intangibles, or intellectual property**

64.1.    _____    $_____    _____    $_____

---

Debtor   **CES GASTONIA LLC**                                     Case number *(if known)* **18-05840**

---

**65.**    **Goodwill**

65.1.  _____   $_____   _____   $_____

**66.**    **Total of part 10**

Add lines 60 through 65. Copy the total to line 89.

| $0.00 |

**67.**    **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☐ No
☐ Yes

**68.**    **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No
☐ Yes

**69.**    **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No
☐ Yes

---

**Part 11:** **All other assets**

---

**70.**    **Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.
☑ Yes. Fill in the information below.

|  |
|---|
| **Current value of debtor's interest** |

**71.**    **Notes receivable**

| Description (include name of obligor) | Total face amount | Doubtful or uncollectible amount | | Current value of debtor's interest |
|---|---|---|---|---|
| 71.1.  _____ | $_____ - | $_____ | = ........ → | $_____ |
| _____ | | | | |

**72.**    **Tax refunds and unused net operating losses (NOLs)**

| Description (for example, federal, state, local) | Tax refund amount | NOL amount | Tax year | Current value of debtor's interest |
|---|---|---|---|---|
| 72.1.  _____ | $_____ | $_____ | _____ | $_____ |

**73.**    **Interests in insurance policies or annuities**

| | Insurance company | Insurance policy No. | Annuity issuer name | Annuity account type | Annuity account No. | Current value of debtor's interest |
|---|---|---|---|---|---|---|
| 73.1. | ZURICH | WC 0174347 04 | _____ | _____ | _____ | UNDETERMINED |
| 73.2. | ZURICH | CPO 0174345 04 | _____ | _____ | _____ | UNDETERMINED |
| 73.3. | ZURICH | CPO 0174345 04 | _____ | _____ | _____ | UNDETERMINED |
| 73.4. | ZURICH | CPO 0174345 04 | _____ | _____ | _____ | UNDETERMINED |
| 73.5. | ZURICH | AUC 0174332 04 | _____ | _____ | _____ | UNDETERMINED |
| 73.6. | THE HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY | FBP 2359141 | _____ | _____ | _____ | UNDETERMINED |
| 73.7. | LLOYDS OF LONDON | U718-860156 | _____ | _____ | _____ | UNDETERMINED |

Debtor   **CES GASTONIA LLC**                                                   Case number *(if known)* **18-05840**

| 73.8. | STRATFORD INSURANCE COMPANY | PDO0000010N | _____ | _____ | _____ | UNDETERMINED |

**74.**   **Causes of action against third parties (whether or not a lawsuit has been filed)**

|  | Nature of claim | Amount requested | Current value of debtor's interest |
|---|---|---|---|
| 74.1. | _____ _____ | $_____ | $_____ |

**75.**   **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

|  | Nature of claim | Amount requested | Current value of debtor's interest |
|---|---|---|---|
| 75.1. | _____ _____ | $_____ | $_____ |

**76.**   **Trusts, equitable or future interests in property**

| 76.1. | _____ | $_____ |

**77.**   **Other property of any kind not already listed**

Examples: Season tickets, country club membership

| 77.1. | _____ | $_____ |

**78.**   **Total of part 11**

Add lines 71 through 77. Copy the total to line 90.

UNDETERMINED

**79.**   **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No
☐ Yes

Debtor    **CES GASTONIA LLC**                                          Case number *(if known)* **18-05840**

---

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $3,476.04 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.* ..................................................... → | | UNDETERMINED |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + UNDETERMINED | |
| 91. **Total.** Add lines 80 through 90 for each column. ..........91a. | $3,476.04 | + 91b. UNDETERMINED |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ....................................................    | $3,476.04 |

**Fill in this information to identify the case:**

**Debtor name:** CES GASTONIA LLC

**United States Bankruptcy Court for the:** District of South Carolina

**Case number (if known):** 18-05840

☐ Check if this is an
amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property    12/15

Be as complete and accurate as possible.

1.  **Do any creditors have claims secured by debtor's property?**

    ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

    ☑ Yes. Fill in all of the information below.

**Part 1:**    **List Creditors Who Have Secured Claims**

2.  **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

Debtor    **CES GASTONIA LLC**                                                    Case number *(if known)* **18-05840**

| | Column A<br>**Amount of Claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|

2.1.    **Creditor's name and address**

ATALAYA ADMINISTRATIVE LLP AS AGENT
C/O ATALAYA CAPITAL MANAGEMENT, LP
ATTN: EVERETT INDART
780 THIRD AVENUE, 27TH FLOOR
NEW YORK NY 10017

**Creditor's email address, if known**

_____

**Date debt was incurred:** 3/21/2014

**Last 4 digits of account number:**

**Do multiple creditors have an interest in the same property?**

☐ No

☑ Yes. Have you already specified the relative priority?

   ☑ No. Specify each creditor, including this creditor, and its relative priority. ATALAYA, AS ADMINISTRATIVE AGENT HAS A FIRST LIEN PRIORTY, AND THE LIEN OF BENEFIT STREET PARTNERS, AS AGENT, IS SUBORDINATE TO THE LIEN OF ATALAYA

   ☐ Yes. The relative priority of creditors is specified on lines: _____

**Describe debtor's property that is subject to a lien**

ALL ASSETS

**Describe the lien**

FIRST LIEN LENDER

**Is the creditor an insider or related party?**

☑ No

☐ Yes

**Is anyone else liable on this claim?**

☐ No

☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

$9,698,584.13        UNDETERMINED

Debtor    **CES GASTONIA LLC**                                                                                    Case number *(if known)* **18-05840**

| 2.2. | Creditor's name and address | Describe debtor's property that is subject to a lien | | |
|---|---|---|---|---|
| | BENEFIT STREET PARTNERS, AS AGENT<br>SERGE KOZMIN<br>50 KENNEDY PLAZA<br>18TH FLOOR<br>PROVIDENCE RI 02903 | ALL ASSETS SUBJECT TO FIRST LIEN LENDERS | $2,000,000.00 | UNDETERMINED |

**Creditor's email address, if known**

_____

Date debt was incurred: 5/5/2017

**Last 4 digits of account number:**

**Do multiple creditors have an interest in the same property?**

☐ No

☑ Yes. Have you already specified the relative priority?

    ☐ No. Specify each creditor, including this creditor, and its relative priority.

    _____

    _____

    ☑ Yes. The relative priority of creditors is specified on lines: 2.1

**Describe the lien**

SECOND LIEN LENDER

**Is the creditor an insider or related party?**

☑ No

☐ Yes

**Is anyone else liable on this claim?**

☐ No

☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

| 3. | Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any. | $11,698,584.13 |
|---|---|---|

---

**Part 2:**    **List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| | Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|---|
| 3.1. | HOLLAND & KNIGHT LLP<br>BRENT MCILWAIN<br>200 CRESCENT COURT<br>STE 1600<br>DALLAS TX 75201 | Line 2.2 | _____ |
| 3.2. | HOLLAND & KNIGHT LLP<br>BRIAN SMITH<br>200 CRESCENT COURT<br>STE 1600<br>DALLAS TX 75201 | Line 2.2 | _____ |
| 3.3. | MADISON CAPITAL FUNDING LLC, AS AGENT<br>30 S. WACKER DR<br>STE 3700<br>CHICAGO IL 60606 | Line 2.2 | _____ |

Debtor    **CES GASTONIA LLC**                                                                      Case number *(if known)* **18-05840**

| | | | |
|---|---|---|---|
| 3.4. | MILESTONE PARTNERS III LP<br>555 EAST LANCASTER AVE<br>STE 500<br>RADNOR PA 19087 | Line 2.1 | _____ |
| 3.5. | MILESTONE PARTNERS III LP<br>555 EAST LANCASTER AVE<br>STE 500<br>RADNOR PA 19087 | Line 2.2 | _____ |
| 3.6. | MILESTONE PARTNERS III LP 2<br>555 EAST LANCASTER AVE<br>STE 500<br>RADNOR PA 19087 | Line 2.1 | _____ |
| 3.7. | MILESTONE PARTNERS III LP 2<br>555 EAST LANCASTER AVE<br>STE 500<br>RADNOR PA 19087 | Line 2.2 | _____ |
| 3.8. | MOORE & VAN ALLEN PLLC<br>DAVID B WHEELER;REID E DYER<br>78 WENTWORTH ST<br>POST OFFICE BOX 22828<br>CHARLESTON SC 29413-2828 | Line 2.2 | _____ |
| 3.9. | SHRAYNE CAPITAL LLC<br>23011 LAGUNA POINT DR<br>KATHY TX 77450 | Line 2.2 | _____ |
| 3.10. | TRIANGLE MEZZANINE FUND LLLP<br>3700 GLENWOOD AVE<br>STE 530<br>RALEIGH NC 27612 | Line 2.2 | _____ |
| 3.11. | TRIANGLE MEZZANINE FUND LLLP<br>HOLLAND & KNIGHT LLP<br>BRENT MCILWAIN<br>200 CRESCENT COURT<br>STE 1600<br>DALLAS TX 75201 | Line 2.2 | _____ |
| 3.12. | TRIANGLE MEZZANINE FUND LLLP<br>HOLLAND & KNIGHT LLP<br>BRENT MCILWAIN<br>200 CRESCENT COURT<br>STE 1600<br>DALLAS TX 75201 | Line 2.2 | _____ |

**Fill in this information to identify the case:**

**Debtor name:** CES GASTONIA LLC

**United States Bankruptcy Court for the:** District of South Carolina

**Case number (if known):** 18-05840

☐ Check if this is an
amended filing

Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims                 12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G) .Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:**  List All Creditors with PRIORITY Unsecured Claims

1.   **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☑ No. Go to Part 2.

☐ Yes. Go to line 2.

2.   **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| 2.1. | **Priority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | **Total claim** | **Priority amount** |
|---|---|---|---|---|
| | _____ | | $_____ | $_____ |
| | _____ | ☐ Contingent | | |
| | _____ | ☐ Unliquidated | | **Nonpriority amount** |
| | _____ | ☐ Disputed | | $_____ |
| | **Date or dates debt was incurred** | **Basis for the claim:** | | |
| | _____ | _____ | | |
| | **Last 4 digits of account number:** __ __ __ __ | **Is the claim subject to offset?** | | |
| | | ☐ No | | |
| | **Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ( _____ ) | ☐ Yes | | |

Debtor    **CES GASTONIA LLC**                                                Case number *(if known)* **18-05840**

| **Part 2:** | **List All Creditors with NONPRIORITY Unsecured Claims** |
|---|---|

**3.** **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| 3.1. | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | **Amount of claim** |
|---|---|---|---|
| | BENEFIT STREET PARTNERS, AS AGENT<br>SERGE KOZMIN<br>50 KENNEDY PLAZA<br>18TH FLOOR<br>PROVIDENCE RI 02903 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $16,578,362.34 |
| | **Date or dates debt was incurred**<br>MARCH 21, 2014 | **Basis for the claim:**<br>SENIOR SUBORDINATED CREDIT AGREEMENT | |
| | **Last 4 digits of account number:** | **Is the claim subject to offset?**<br>☒ No<br>☐ Yes | |

| 3.2. | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | **Amount of claim** |
|---|---|---|---|
| | MILESTONE PARTNERS III LP<br>555 EAST LANCASTER AVE<br>STE 500<br>RADNOR PA 19087 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $751,364.57 |
| | **Date or dates debt was incurred**<br>MARCH 21, 2014 | **Basis for the claim:**<br>SENIOR SUBORDINATED CREDIT AGREEMENT | |
| | **Last 4 digits of account number:** | **Is the claim subject to offset?**<br>☒ No<br>☐ Yes | |

| 3.3. | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** *Check all that apply.* | **Amount of claim** |
|---|---|---|---|
| | MILESTONE PARTNERS III LP 2<br>555 EAST LANCASTER AVE<br>STE 500<br>RADNOR PA 19087 | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $281,190.37 |
| | **Date or dates debt was incurred**<br>MARCH 21, 2014 | **Basis for the claim:**<br>SENIOR SUBORDINATED CREDIT AGREEMENT | |
| | **Last 4 digits of account number:** | **Is the claim subject to offset?**<br>☒ No<br>☐ Yes | |

Debtor    **CES GASTONIA LLC**                                                    Case number *(if known)* **18-05840**

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

4.    List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| MILESTONE PARTNERS III LP<br>555 EAST LANCASTER AVE<br>STE 500<br>RADNOR PA 19087 | Part 2 line 3.1 | _____ |
| MILESTONE PARTNERS III LP 2<br>555 EAST LANCASTER AVE<br>STE 500<br>RADNOR PA 19087 | Part 2 line 3.1 | _____ |
| MOORE & VAN ALLEN PLLC<br>DAVID B WHEELER;REID E DYER<br>78 WENTWORTH ST<br>POST OFFICE BOX 22828<br>CHARLESTON SC 29413-2828 | Part 2 line 3.1 | _____ |

Debtor    **CES GASTONIA LLC**                                                           Case number *(if known)* **18-05840**

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
| --- | --- |

**5.**    **Add the amounts of priority and nonpriority unsecured claims.**

|  |  |  |  | Total of claim amounts |
| --- | --- | --- | --- | --- |
| **5a.** | **Total claims from Part 1** | 5a. | | $0.00 |
| **5b.** | **Total claims from Part 2** | 5b. | **+** | $17,610,917.28 |
| **5c.** | **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | | $17,610,917.28 |

<table>
<tr><td colspan="2" style="background-color:black;color:white"><b>Fill in this information to identify the case:</b></td></tr>
<tr><td colspan="2"><b>Debtor name:</b> CES GASTONIA LLC</td></tr>
<tr><td colspan="2"><b>United States Bankruptcy Court for the:</b> District of South Carolina</td></tr>
<tr><td colspan="2"><b>Case number (if known):</b> 18-05840</td></tr>
</table>

☐ Check if this is an amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases       12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1.    Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| **2.** | **List all contracts and unexpired leases** | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|---|
| 2.1. | **Title of contract** — GUARANTEE | CAFE ENTERPRISES INC<br>ATTN ERIC EASTON<br>4324 WADE HAMPTON BLVD<br>STE B<br>TAYLORS SC 29687 |
| | **State what the contract or lease is for** — GUARANTEE AGREEMENT - FIRST LIEN DEBT | |
| | **Nature of debtor's interest** — GUARANTOR | |
| | **State the term remaining** — _____ | |
| | **List the contract number of any government contract** — _____ | |

| 2.2. | **Title of contract** — GUARANTEE | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| | **State what the contract or lease is for** — GUARANTEE AGREEMENT - SECOND LIEN DEBT | |
| | **Nature of debtor's interest** — GUARANTOR | CAFE ENTERPRISES INC<br>ATTN ERIC EASTON<br>4324 WADE HAMPTON BLVD<br>STE B<br>TAYLORS SC 29687 |
| | **State the term remaining** — _____ | |
| | **List the contract number of any government contract** — _____ | |

| 2.3. | **Title of contract** — GUARANTEE | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| | **State what the contract or lease is for** — GUARANTEE AGREEMENT - MEZZANINE DEBT | |
| | **Nature of debtor's interest** — GUARANTOR | CAFE ENTERPRISES INC<br>ATTN ERIC EASTON<br>4324 WADE HAMPTON BLVD<br>STE B<br>TAYLORS SC 29687 |
| | **State the term remaining** — _____ | |
| | **List the contract number of any government contract** — _____ | |

| Debtor | **CES GASTONIA LLC** | Case number *(if known)* **18-05840** |
|---|---|---|

| | | | |
|---|---|---|---|
| 2.4. | **Title of contract** | GUARANTEE | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
| | **State what the contract or lease is for** | GUARANTEE AGREEMENT - FIRST LIEN DEBT | |
| | **Nature of debtor's interest** | GUARANTOR | CAFE HOLDINGS CORP |
| | **State the term remaining** | _____ | ATTN ERIC EASTON 4324 WADE HAMPTON BLVD STE B |
| | **List the contract number of any government contract** | _____ | TAYLORS SC 29687 |
| 2.5. | **Title of contract** | GUARANTEE | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
| | **State what the contract or lease is for** | GUARANTEE AGREEMENT - SECOND LIEN DEBT | |
| | **Nature of debtor's interest** | GUARANTOR | CAFE HOLDINGS CORP |
| | **State the term remaining** | _____ | ATTN ERIC EASTON 4324 WADE HAMPTON BLVD STE B |
| | **List the contract number of any government contract** | _____ | TAYLORS SC 29687 |
| 2.6. | **Title of contract** | GUARANTEE | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
| | **State what the contract or lease is for** | GUARANTEE AGREEMENT - MEZZANINE DEBT | |
| | **Nature of debtor's interest** | GUARANTOR | CAFE HOLDINGS CORP |
| | **State the term remaining** | _____ | ATTN ERIC EASTON 4324 WADE HAMPTON BLVD STE B |
| | **List the contract number of any government contract** | _____ | TAYLORS SC 29687 |
| 2.7. | **Title of contract** | GUARANTEE | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
| | **State what the contract or lease is for** | GUARANTEE AGREEMENT - FIRST LIEN DEBT | |
| | **Nature of debtor's interest** | GUARANTOR | CE SPORTZ LLC |
| | **State the term remaining** | _____ | ATTN ERIC EASTON 4324 WADE HAMPTON BLVD STE B |
| | **List the contract number of any government contract** | _____ | TAYLORS SC 29687 |
| 2.8. | **Title of contract** | GUARANTEE | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
| | **State what the contract or lease is for** | GUARANTEE AGREEMENT - SECOND LIEN DEBT | |
| | **Nature of debtor's interest** | GUARANTOR | CE SPORTZ LLC |
| | **State the term remaining** | _____ | ATTN ERIC EASTON 4324 WADE HAMPTON BLVD STE B |
| | **List the contract number of any government contract** | _____ | TAYLORS SC 29687 |

Debtor    **CES GASTONIA LLC**                                                                 Case number *(if known)* **18-05840**

| 2.9. | Title of contract | GUARANTEE | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|---|
| | State what the contract or lease is for | GUARANTEE AGREEMENT - MEZZANINE DEBT | |
| | Nature of debtor's interest | GUARANTOR | CE SPORTZ LLC |
| | State the term remaining | | ATTN ERIC EASTON 4324 WADE HAMPTON BLVD STE B |
| | List the contract number of any government contract | | TAYLORS SC 29687 |

| 2.10. | Title of contract | INSURANCE | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|---|
| | State what the contract or lease is for | FOOD BORNE ILLNESS LIABILITY / RESTAURANT RECOVERY | |
| | Nature of debtor's interest | INSURED | LLOYDS OF LONDON 42 WEST 54TH ST |
| | State the term remaining | 7/1/2019 | 14TH FLOOR NEW YORK NY 10019 |
| | List the contract number of any government contract | | |

| 2.11. | Title of contract | INSURANCE | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|---|
| | State what the contract or lease is for | D&O, EMPLOYMENT PRACTICES, FIDUCIARY, AND CRIME LIABILITY | |
| | Nature of debtor's interest | INSURED | STRATFORD INSURANCE COMPANY |
| | State the term remaining | 2/28/2019 | 300 KIMBALL DR STE 500 |
| | List the contract number of any government contract | | PARSIPPANY NJ 07054 |

| 2.12. | Title of contract | INSURANCE | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|---|
| | State what the contract or lease is for | EQUIPMENT BREAKDOWN / BOILER AND MACHINERY | |
| | Nature of debtor's interest | INSURED | THE HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY |
| | State the term remaining | 7/1/2019 | ONE STATE ST PO BOX 5024 |
| | List the contract number of any government contract | | HARTFORD CT 06102-5024 |

| 2.13. | Title of contract | INSURANCE | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|---|
| | State what the contract or lease is for | WORKERS' COMPENSATION | |
| | Nature of debtor's interest | INSURED | ZURICH |
| | State the term remaining | 7/1/2019 | ONE LIBERTY PLZ 165 BROADWAY NEW YORK NY 10006 |
| | List the contract number of any government contract | | |

Debtor    **CES GASTONIA LLC**                                                                                    Case number *(if known)* **18-05840**

| 2.14. | **Title of contract** | INSURANCE | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|---|---|
| | **State what the contract or lease is for** | GENERAL LIABILITY | |
| | **Nature of debtor's interest** | INSURED | ZURICH |
| | **State the term remaining** | 7/1/2019 | ONE LIBERTY PLZ<br>165 BROADWAY<br>NEW YORK NY 10006 |
| | **List the contract number of any government contract** | _____ | |

| 2.15. | **Title of contract** | INSURANCE | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|---|---|
| | **State what the contract or lease is for** | PROPERTY LIABILITY | |
| | **Nature of debtor's interest** | INSURED | ZURICH |
| | **State the term remaining** | 7/1/2019 | ONE LIBERTY PLZ<br>165 BROADWAY<br>NEW YORK NY 10006 |
| | **List the contract number of any government contract** | _____ | |

| 2.16. | **Title of contract** | INSURANCE | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|---|---|
| | **State what the contract or lease is for** | AUTOMOBILE LIABILITY | |
| | **Nature of debtor's interest** | INSURED | ZURICH |
| | **State the term remaining** | 7/1/2019 | ONE LIBERTY PLZ<br>165 BROADWAY<br>NEW YORK NY 10006 |
| | **List the contract number of any government contract** | _____ | |

| 2.17. | **Title of contract** | INSURANCE | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|---|---|
| | **State what the contract or lease is for** | UMBRELLA LIABILITY | |
| | **Nature of debtor's interest** | INSURED | ZURICH |
| | **State the term remaining** | 7/1/2019 | ONE LIBERTY PLZ<br>165 BROADWAY<br>NEW YORK NY 10006 |
| | **List the contract number of any government contract** | _____ | |

| Fill in this information to identify the case: |
| --- |
| **Debtor name:** CES GASTONIA LLC |
| **United States Bankruptcy Court for the:** District of South Carolina |
| **Case number (if known):** 18-05840 |

☐ Check if this is an
amended filing

Official Form 206H

# Schedule H: Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively.
Attach the Additional Page to this page.

1.  **Does the debtor have any codebtors?**

    ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

    ☑ Yes

2.  **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G.*** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: Codebtor | | Column 2: Creditor | |
| --- | --- | --- | --- |
| **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.1.  CAFE ENTERPRISES, INC.<br>ATTN ERIC EASTON | 4324 WADE HAMPTON BLVD STE B<br>TAYLORS SC 29687 | ATALAYA ADMINISTRATIVE LLP AS AGENT | ☑ D<br>☐ E/F<br>☐ G |
| 2.2.  CAFE ENTERPRISES, INC.<br>ATTN ERIC EASTON | 4324 WADE HAMPTON BLVD STE B<br>TAYLORS SC 29687 | BENEFIT STREET PARTNERS, AS AGENT | ☑ D<br>☑ E/F<br>☐ G |
| 2.3.  CAFE HOLDINGS CORP<br>ATTN ERIC EASTON | 4324 WADE HAMPTON BLVD STE B<br>TAYLORS SC 29687 | ATALAYA ADMINISTRATIVE LLP AS AGENT | ☑ D<br>☐ E/F<br>☐ G |
| 2.4.  CAFE HOLDINGS CORP<br>ATTN ERIC EASTON | 4324 WADE HAMPTON BLVD STE B<br>TAYLORS SC 29687 | BENEFIT STREET PARTNERS, AS AGENT | ☑ D<br>☑ E/F<br>☐ G |
| 2.5.  CE SPORTZ LLC<br>ATTN ERIC EASTON | 4324 WADE HAMPTON BLVD STE B<br>TAYLORS SC 29687 | ATALAYA ADMINISTRATIVE LLP AS AGENT | ☑ D<br>☐ E/F<br>☐ G |
| 2.6.  CE SPORTZ LLC<br>ATTN ERIC EASTON | 4324 WADE HAMPTON BLVD STE B<br>TAYLORS SC 29687 | BENEFIT STREET PARTNERS, AS AGENT | ☑ D<br>☑ E/F<br>☐ G |

Fill in this information to identify the case:

**Debtor name:** CES GASTONIA LLC

**United States Bankruptcy Court for the:** District of South Carolina

**Case number (if known):** 18-05840

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*
- ☑ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☑ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☑ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☑ *Schedule H: Codebtors (Official Form 206H)*
- ☑ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐ *Amended Schedule* ____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☐ *Other document that requires a declaration* _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   12/10/2018
             MM/DD/YYYY

X _____
Signature of individual signing on behalf of debtor

Eric Easton
Printed name

Chief Financial Officer
Position or relationship to debtor